IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES WINDING                                                                                          PLAINTIFF

VS.                                                                         CIVIL ACTION NO. 3:13cv289-CWR-FKB

C. RUTLEDGE, et al.                                                                                DEFENDANTS

**REPORT AND RECOMMENDATION**

James Winding is state prisoner incarcerated at East Mississippi Correctional Facility (EMCF).  He brought this action pursuant to 42 U.S.C. § 1983 against prison officials alleging that his supervisor in the prison kitchen, Kevin Dockery, sexually assaulted him in December of 2012.  Presently before the Court are Winding's motions for partial summary judgment [16 and 42], and the motion to dismiss filed by C. Dykes, D. Huggins, V. Lard, F. Ovalle, M. Powe, R. Rice, F. Shaw, and J. Webb (the MTC Defendants).[1]  Plaintiff has filed numerous documents addressing the arguments raised in the motion to dismiss, and the undersigned has considered these documents in making this report and recommendation.  Having considered the motions and related documents, the undersigned recommends that  Winding's motions be denied and that the motion to dismiss be granted.

Winding's motion for partial summary judgment against Defendant F. Shaw [16], a former warden of EMCF, consists of general allegations of negligence and mismanagement.  His motion for partial summary judgment against the remaining MTC

---

[1]Movants are employees of Management & Training Corporation (MTC), which operates EMCF under contract with the Mississippi Department of Corrections. defendants.

Defendants [42] consists of a single statement containing general references to deliberate indifference, barbaric conditions, poor management, retaliation, and sexual assaults at EMCF.  The exhibits to the motions consist of hearsay documents that are not competent summary judgment evidence.  Winding has offered no argument or admissible evidence showing that he is entitled to judgment as matter of law against any of the defendants.  For this reason, the undersigned recommends that Winding's motions be denied.

The MTC Defendants seek dismissal of Winding's claims based upon his failure to exhaust his administrative remedies prior to filing this action.  The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate prosecuting a civil rights action in federal court first exhaust his available administrative remedies.  *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998).  This exhaustion requirement "applies to all inmate suits about prison life."  *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002).  Claims must be exhausted prior to the filing of the lawsuit; this requirement is mandatory and non-discretionary.  *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012).  The MTC Defendants argue that Plaintiff Winding's claims are subject to dismissal because he failed to exhaust the claims asserted herein prior to the filing of the complaint.

In support of their motion, the MTC Defendants have submitted the affidavit of David Petrie, the Administrative Remedy Program (ARP) Legal Claims Adjudicator for the Mississippi Department of Corrections (MDOC).  In his affidavit, Mr. Petrie states that Winding has completed the ARP two-step process for only one grievance (other than grievances related to rules violation reports) submitted since July 19, 2012.  In that grievance, ARP no. EMCF-12-1258, Winding expressed dissatisfaction with the manner in

which other grievances had been handled. This grievance was filed prior to the events of which Winding complains in the present lawsuit and in no way concerned them.

Winding, on the other hand, has filed voluminous documents in an attempt to show that he has he has tried to file grievances and complete the ARP process but has been unable to do so because prison officials have refused to file his requests. Essentially, he is arguing that there were no administrative remedies "available" to him. Nowhere, however, does he give any coherent account of why he was unable to complete the ARP process for the particular claims set forth in this action. On the other hand, the detailed history of Winding's recent filings with MDOC's Administrative Remedies Program included in Mr. Petrie's affidavit clarifies that the difficulties Winding may have experienced in his attempts to file grievances were due to the enforcement of MDOC's standard operating procedures regarding ARP requests. Pursuant to those procedures, an inmate may have only one ARP request under consideration at a time. If an inmate submits a request while another is pending, that request will be filed but will be set aside for handling after the process has been completed for the prior request. An inmate may have a maximum of ten requests in backlog at any one time; any additional ones are returned unfiled to the inmate.[2] Mr. Petrie's affidavit indicates that on several occasions, prison officials have refused to file grievances submitted by Winding because of these limitations. The affidavit also establishes that Winding is familiar with and has availed himself of the procedure whereby an inmate with the maximum number of requests in backlog may withdraw the appropriate number of requests in order to be allowed to file

---

[2]These limitations do not apply to disciplinary appeals.

new ones. Thus, a remedy was available to Winding, and his failure to properly pursue it requires dismissal of his claims against the MTC Defendants. Furthermore, the undersigned recommends that the dismissal of these claims be with prejudice, as Winding's thirty-day period for filing grievances regarding the claims at issue, all of which were based upon incidents in December of 2012, has expired. *See Johnson v. La. ex rel. La. Dept. Of Pub. Safety and Corr.*, 468 F.3d 278, 280-81 (5th Cir. 2006).

For these reasons, the undersigned recommends that Plaintiff's motions for partial summary judgment be denied, that the motion to dismiss filed by the MTC Defendants be granted, and that the claims against the MTC Defendants be dismissed with prejudice as frivolous. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 25th day of February, 2014.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE
