IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES WINDING                                                                              PLAINTIFF

VS.                                                       CIVIL ACTION NO. 3:13cv289-CWR-FKB

T. EVANS and E.L. SPARKMAN                                                         DEFENDANTS

**REPORT AND RECOMMENDATION**

James Winding is state prisoner incarcerated at East Mississippi Correctional Facility (EMCF). He brought this action in April of 2013 pursuant to 42 U.S.C. § 1983 against prison officials alleging that his supervisor in the prison kitchen, Kevin Dockery, sexually assaulted him in December of 2012. Previously, Defendants C. Dykes, D. Huggins, V. Lard, F. Ovalle, M. Powe, R. Rice, F. Shaw, and J. Webb filed a motion to dismiss based upon Plaintiff's failure to exhaust his prison administrative remedies prior to the filing of the complaint. This motion was supported with detailed evidence concerning Plaintiff's MDOC administrative remedies file. The motion was granted by order entered August 15, 2014 [101].

On June 1, 2015, the undersigned entered an order [152] requiring that Plaintiff show cause as to why the claims against the only remaining defendants should not likewise be dismissed because of Plaintiff's failure to exhaust his remedies. Plaintiff has filed five responses to the show cause order. In these, he mentions various attempts that he made to file grievances on this and other issues. However, all of Plaintiff's filings concern periods after the date of the filing of the present complaint. Furthermore, as was true with his responses to the motion to dismiss, he has failed to give any convincing

account of why he was unable to complete the administrative remedy process for the particular claims set forth in this action. The undersigned concludes that Plaintiff has failed to show cause as to why his claims against the remaining defendants should not be dismissed. Accordingly, the undersigned recommends that all claims against T. Evans and E.L. Sparkman be dismissed and that a final judgment be entered in this matter.

Since entry of the show cause order, Plaintiff has filed two motions to set aside the dismissal of the other defendants in this action. In the first [160], he asks that the order granting the motion to dismiss for failure to exhaust [101] be set aside. Plaintiff's motion sets forth no meritorious reason for the setting aside of this order or reinstating these defendants. In the second motion [161], Plaintiff asks to reinstate three defendants he previously voluntarily dismissed. Plaintiff has failed to establish any meritorious claims against these defendants. Furthermore, it has already been established that Plaintiff never exhausted his administrative remedies with regard to any claims in this lawsuit. For these reasons, the undersigned recommends that these motions be denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R.

Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 10th day of August, 2015.

                                    /s/ F. Keith Ball
                                    UNITED STATES MAGISTRATE JUDGE